UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MIGUEL WONG,<br><br>        Plaintiff,<br><br>    v.<br><br>COMMUNITY HEALTH CENTER LA CLINICA,<br><br>        Defendant, | No. CV-07-5004-FVS<br><br>ORDER |

**THIS MATTER** came before the Court based upon Miguel Wong's motion to remand this case to state court and request for attorney fees due to the costs associated with the motion to remand.  This order serves to memorialize the Court's oral ruling.

**BACKGROUND**

Miguel Wong is a member of the Community Health Center La Clinica Board of Directors.  Community Health Center La Clinica ("La Clinica") is a Washington non-profit corporation governed by Revised Code of Washington (RCW) chapter 24.03.  It receives some, but not all, of its funding from the United States Department of Health and Human Services ("DHHS") pursuant to the Public Health Services Act ("PHSA"), codified at 42 U.S.C. § 254b.  The funding La Clinca receives pursuant to the PHSA may only be used for certain purposes

ORDER - 1

and must be accounted for within the strict requirements of the PHSA.

Mr. Wong sued La Clinica under RCW 24.03.265 and RCW 24.03.270 in Franklin County Superior Court on December 19, 2006, alleging that actions by various Executive directors and Board members were illegal, fraudulent or oppressive. La Clinica removed the action to this Court on January 18, 2007, claiming that removal was proper because the application of federal laws implicated in the remedies sought created federal question jurisdiction. Mr. Wong moved to remand the action to state court under 28 U.S.C. 1447(c) on January 23, 2007.

**RULING ON PLAINTIFF'S MOTION FOR REMAND**

A civil action may only be removed to federal court if it is founded upon a claim arising under the Constitution or laws of the United States. 28 U.S.C. § 1441(b). A case will only "arise" under federal law when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. Of Cal. v. Const. Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 2856, 77 L. Ed. 2d 420 (1983) (hereinafter "*Franchise Tax Bd.*"). A court will not have jurisdiction if federal law or preemption is merely a defense to the state claims, even if the defense of federal law or preemption is the only issue at stake. *Id.* at 12, 103 S. Ct. at 2847-48.

Plaintiff has not alleged a federal claim in his Complaint. Plaintiff alleges only that members of La Clinica have engaged in

illegal, oppressive, and/or fraudulent acts and that liquidation of the corporation's assets is appropriate under RCW 24.03.265. The mention of federal funding in Plaintiff's complaint is used to provide background information about La Clinica's public nature. Compl. at ¶ XV.

When a well-pleaded complaint does not plead a federal claim, federal-question jurisdiction may still exist in two circumstances.[1] One circumstance is when Congress completely preempts state law. Another circumstance is when the state claim contains a substantial and disputed federal issue. *See Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mgmt.*, 545 U.S. 308, 125 S. Ct. 2363, 162 L. Ed. 2d 257 (2005); *Beneficial National Bank v. Anderson*, 539 U.S. 1, 123 S.Ct. 2058, 156 L. Ed. 2d 1 (2003).[2]

A district court has jurisdiction over the subject matter of an

---

[1] A plaintiff may not avoid federal-question jurisdiction by characterizing federal claims as state claims. Ninth Circuit cases often cite the "artful pleading doctrine," a corollary to the well-pleaded complaint doctrine, when looking beyond the face of the complaint to determine whether the (apparently) state claims are really federal claims. *See, e.g., Lippitt v. Raymond James Fin. Serv. Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003); *ARCO Envtl. Remediation v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1113-14 (9th Cir. 2000).

[2] Ninth Circuit cases decided before *Grable* referred to three categories where federal-question jurisdiction existed. The three categories were complete preemption, claims which were "necessarily federal in character", and claims that involved a substantial and disputed federal issue. *See ARCO* 213 F.3d at 1113-14; *see also Lippitt*, 340 F.3d at 1041-42 (finding two main categories, with "federal character" category as a subset of substantial and disputed federal issue). However, the number of categories appears to be a matter of semantics as *Grable* considers the federal character of the claim in its test. *See Grable*, 545 U.S. at 314, 125 S. Ct. at 2368.

ORDER - 3

(apparently) state claim when federal law completely preempts state law. *Beneficial*, 539 U.S. at 8, 123 S. Ct. at 2063. Courts have found, in the few instances in which they have held that a federal statute completely preempts state law, that the federal statute provides "the exclusive cause of action" and "set[s] forth procedures and remedies governing that cause of action." *Id.* at 7-8, 123 S. Ct. at 2062-63.[3]

Section 254b does not completely preempt Washington law governing non-profit corporations. Section 254b only establishes guidelines for receipt of federal funds. The regulations set up a system for the DHHS to make sure that funds are used properly and to discontinue or terminate funding, but the regulations do not create remedies for the victims of fraudulent or illegal activities. *See* 42 C.F.R. § 51c.107 (defining proper use of funds); 45 C.F.R § 74.61 (termination of awards); 45 C.F.R. part 16 appendix A (Board established to review disputes about disallowances). There are no guidelines for restructuring state-formed corporations or punishing fraud by directors against the corporation or its members, nor does section 254b establish a private federal cause of action.

Beyond complete preemption, this Court may still have federal question jurisdiction if the federal issues embedded in the state claim are so significant that they constitute a substantial federal

---

[3]The only examples found by the Supreme Court are the Price-Anderson Act, codified at 42 U.S.C. § 2014(hh), § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq*, and the National Bank Act.

ORDER - 4

issue. *Grable*, 545 U.S. at 312, 125 S. Ct. at 2367; *see also Lippitt*, 340 F.3d at 1042-43. In *Grable*, the Supreme Court ultimately noted that the pertinent question was whether "a state law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314, 125 S. Ct. at 2368 (finding federal-question jurisdiction where issue involved determination of tax law notice provision, and also noting that uniform interpretation of federal tax laws provided a strong reason for granting jurisdiction). Defendants seem to rely on this provision most heavily, asserting that the relief requested -- to liquidate or relocate La Clinica's assets -- must comply with federal requirements under section 254b and is so rooted in federal law that this court has jurisdiction.

Relatively few cases have considered whether a remedy that implicates federal funding constitutes a "substantial federal issue". Some courts have noted that "federal funds lurking in the background . . . cannot serve as an independent basis for establishing jurisdiction." *Transit Express, Inc. v. Ettinger*, 246 F.3d 1018, 1026 (7th Cir. 2001) (finding that federal government did not retain a continued interest in federally funded vehicles); *see Able Sales Co. v. Mead Johnson Puerto Rico Inc.*, 420 F.Supp.2d 1, 10 (D.P.R 2006) (finding that though federal law was referenced in complaint, claims were for breach of contract and the federal regulatory scheme and funds issued under 42 U.S.C. § 1786 did not create jurisdiction).

ORDER - 5

These cases suggest that, without more, the existence of federal funding is an inadequate foundation for subject-matter jurisdiction. Predicating subject-matter jurisdiction upon the existence federal funding could create "an avalanche of unforseen" federal liability. *See Transit Express*, 246 F.3d at 1026.

In this case, this Court does not have jurisdiction because the federal law implicated by the remedy sought is not a substantial and disputed federal issue. The substantiality of the federal issue is small. Not all of La Clinica's assets are federally funded and the federal regulations only apply to La Clinica's federally funded assets if Plaintiff succeeds. Defendants, however, contend that federal law governs Plaintiff's relief "to such an extent as to control an essential element of Plaintiff's claim...redressability." Defs' Mem. in Opp'n to Mot. to Remand at 6. Defendants' main contention is that the cost principles, staffing requirements, service requirements, and auditing requirements upon termination involve determinations of federal law. *See* 45 C.F.R. § 74.70 *et seq*. However, section 254b only states the requirements that must be met in order for funds to be granted, not what happens upon dissolution of the corporation. Indeed, there are relatively few regulations regarding disallowance or termination of funds for not following section 254b's requirements, and almost none as to how funds should be handled if a community health center is dissolved prior to completion of the grant. *See* 45 C.F.R. § 74.62. While it is true that the remedies sought must consider federal law, Defendants misconstrue what is actually at stake, as the *availability* of

Plaintiff's remedy to dissolve and liquidate La Clinica's assets stems only from RCW 24.03.270.

Defendants also argue that because 45 C.F.R. § 74.37 provides that federal funds and property acquired with federal funds are held in trust by the La Clinica, there is a substantial federal issue. However, potential disputes between the United States and the plaintiff or defendant that may occur because of the remedy sought do not create a substantial federal issue for *the case at hand*. Indeed, here the federal funds are "lurking in the background" and are not a part of the central issue of whether La Clinica's directors and various members engaged in fraudulent, oppressive, or illegal activities.

Thus, the federal issue is not substantial, nor is it disputed. A Washington superior court is granted wide latitude by RCW 24.03.270 in appointing receivers to distribute the assets of the corporation. *Id.* ("powers and duties of receiver may be increased or diminished at any time"). Additionally, section 270 allows return of assets that have a condition of return imposed upon them. Section 270, then, does not necessitate consideration of a disputed federal law or regulation.

Finally, the balance between state and federal judicial responsibilities tilts in favor of remand. Granting remand will allow the state court to decide the very large and central issue of whether the activities were fraudulent, oppressive, or illegal under RCW 24.03.265 and, if necessary, how to distribute the funds and appoint a receivership under RCW 24.03.270. While the state court

ORDER - 7

would have to consider the federal regulations in crafting any remedy involving distribution of federal funds, this issue only arises if the Plaintiff succeeds. Congress has not clearly demonstrated that federal courts are to hear such cases. Indeed, at least one regulation indicates that State and local courts may hear certain statutory claims. *See* 45 C.F.R. § 74.41 (allowing State and local courts to hear statutory contract claims over which they have proper jurisdiction). There is also not the strong need for uniform application of federal law as there was in *Grable*. Unlike in *Grable*, where the national system for collecting federal taxes was potentially affected, here, the only federal implication is how La Clinica's federally funded assets will be distributed. Also, the State of Washington has a weighty interest in fashioning the remedies Mr. Wong requests because La Clinica is a non-profit corporation, created under and governed by state law. Thus, the balance between state and federal responsibilities requires remand.

**RULING ON PLAINTIFF'S REQUEST FOR ATTORNEY FEES**

The defendants did not have an objectively reasonable basis for removing the action. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, ---, 126 S. Ct. 704, 711, 163 L. Ed. 547 (2005). Consequently, the Court grants Mr. Wong's request for costs, expenses, and attorney fees. 28 U.S.C. § 1447(c).

**IT IS HEREBY ORDERED:**

1. The plaintiff's motion to remand (**Ct. Rec. 4**) is granted.

2. Counsel for the plaintiff may submit a request for costs, actual expenses, and attorney fees. The request must be submitted

within 14 days of entry of this order.

3. Counsel for the plaintiff must justify, under the standard established by the Ninth Circuit, both his hourly rate and the number of hours of work for which he seeks compensation.

4. The defendant shall file a response within 14 days of the date upon which counsel for the plaintiff files his request.

5. If the plaintiff chooses to file a reply, he must do so within seven days of the filing of a response.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this  27th  day of April, 2007.

                        s/ Fred Van Sickle
                         Fred Van Sickle
                  United States District Judge